EAST BATON ROUGE PARISH C-714543
Filed Dec 29, 2021 3:08 PM
Deputy Clerk of Court

NINETEENTH JUDICIAL DISTRICT COURT
FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.                                                                                              DIVISION " "

ANDREW M. SHEHEE, MARGARET S. SHEHEE,
NELL SHEHEE, ANN SHANE SHEHEE,
THE SHEHEE LIMITED PARTNERSHIP,
THE VIRGINIA K. SHEHEE INTER VIVOS TRUST, and
ANDREW M. SHEHEE, MARGARET S. SHEHEE,
AND JOHN A. HENSARLING, AS CO-TRUSTEES
OF THE VIRGINIA K. SHEHEE INTER VIVOS TRUST

VERSUS

LEWIS & ELLIS, INC.

FILED:_____         _____
                                                                                  DEPUTY CLERK

**PETITION FOR DECLARATORY JUDGMENT AND DAMAGES**

The petition of Andrew M. Shehee, Margaret S. Shehee, Nell Shehee, and Ann Shane Shehee, all persons of the full age of majority and residents of the Parish of Caddo, State of Louisiana, The Shehee Limited Partnership, a Texas limited partnership, qualified and registered to conduct and transact business in the State of Louisiana, with its registered office and principal place of business in the State of Louisiana located in the Parish of Caddo, the Virginia K. Shehee Inter Vivos Trust, a Louisiana trust, whose principal place of business is located in the Parish of Caddo, State of Louisiana, and Andrew M. Shehee, Margaret S. Shehee, and John A. Hensarling, all persons of the full age of majority and residents of the Parish of Caddo, State of Louisiana, in their capacity as Co-Trustees of the Virginia K. Shehee Inter Vivos Trust (collectively, "Plaintiffs"), respectfully represent as follows:

1.

Defendant, Lewis & Ellis, Inc., is a Texas corporation, qualified and registered to conduct and transact business in the State of Louisiana, with its registered office and principal place in the State of Louisiana located in the Parish of East Baton Rouge.

2.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Article 42(4).

{B1835367.1}                                                                                                          **EXHIBIT A**

3.

On or about and/or effective as of October 11, 2019, Plaintiffs entered into and signed a Stock Purchase Agreement (the "Agreement"), whereby Plaintiffs agreed to sell to Security National Life Insurance Company, a Utah corporation ("Security National"), and Security National agreed to purchase from Plaintiffs, all of Plaintiffs' shares of common stock (the "Stock") of Kilpatrick Life Insurance Company, a Louisiana corporation ("KLICO"), with its registered office and principal place of business located in the Parish of Caddo, State of Louisiana. At the time the Agreement was entered into, Plaintiffs owned 99.99% of all of the issued and outstanding shares of common stock of KLICO.

4.

At the time the Agreement was entered into and at all pertinent times prior and subsequent thereto, Security National and KLICO were each in the life insurance business.

5.

Certain types of life insurance policies that KLICO had issued prior to Plaintiffs' sale of the Stock to Security National provided for increases in death benefits based on increases in the consumer price index (collectively, "Increased Death Benefits Policies").

6.

Each year, KLICO established reserves that were intended to cover the increases in death benefits payable under the Increased Death Benefits Policies (collectively, the "Reserves").

7.

Defendant herein is an actuarial firm that, on information and belief, currently has over 40 actuaries serving clients throughout the United States, including in the State of Louisiana.

8.

Rather than KLICO internally calculating and determining the amounts to be allocated to Reserves for the Increased Death Benefits Policies each year, KLICO hired and paid defendant to make those calculations and determinations.

9.

Plaintiffs relied on defendant to accurately and correctly calculate and determine the amounts to be allocated to Reserves for the Increased Death Benefits Policies each year.

**EXHIBIT A**

10.

On or about December 13, 2019, Plaintiffs sold to Security National, and Security National purchased from Plaintiffs, the Stock pursuant to the Agreement. KLICO is now a wholly-owned subsidiary of Security National.

11.

Subsequent to the sale of the Stock as aforesaid, Security National sent a letter, dated June 11, 2021, to Jerome J. Reso, Jr., in his capacity as the Shareholders' Representative for the Plaintiffs, a copy of which letter is attached hereto and made a part hereof as Exhibit "P-1" (the "Demand Letter").

12.

In the Demand Letter, Security National alleged that KLICO's Reserves for some or all of the Increased Death Benefits Policies appear to have been calculated incorrectly and do not appear to have followed the contractual language according to Plaintiffs' past practices in paying death benefits. As a result, Security National further alleged that the Reserves for those policies appear to be deficient for the future liabilities and death benefits payable under those policies.

13.

In its Demand Letter, Security National further alleged that Plaintiffs' method of calculating Reserves (and paying death benefits) increases the death benefits only during the premium paying period of each of the Increased Death Benefits Policies, without any additional increases thereafter. Security National further alleged in the Demand Letter that the contractual increases set forth in the Increased Death Benefits Policies indicate that reserves for the Increased Death Benefits Policies should have been increased and paid over the lifetime of the policyholder or insured, as applicable, provided the policy is not continued as a so-called "Reduced Paid Up Insurance" policy.

14.

Security National further alleged in its Demand Letter that Security National and/or KLICO, now a wholly-owned subsidiary of Security National, have potential liability for death benefits previously paid using the above-described erroneous calculation methods.

15.

In its Demand Letter, Security National invoked an indemnification provision in the Agreement and demanded that the Plaintiffs indemnify Security National for any and all amounts

that must be posted as additional Reserves, or that KLICO is required to pay in the future. Security National alleged that the exact amount of such potential losses was unknown at the time of its Demand Letter, but Security National estimated at that time that such losses could potentially be $1,100,000.00.

16.

Defendant had a duty to accurately and correctly calculate and determine the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies, and Plaintiffs were entitled to rely on such calculations and determinations by defendant.

17.

On information and belief, defendant negligently and erroneously calculated the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies.

18.

Until Plaintiffs' receipt of Security National's Demand Letter, Plaintiffs were not aware of defendant's negligent and erroneous calculations of the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies.

19.

Because of defendant's negligent and erroneous calculations of the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies, Plaintiffs are entitled to a declaratory judgment in their favor and against defendant, declaring defendant liable to Plaintiffs for any and all amounts for which Plaintiffs are or may be liable to Security National as a result of the above-described negligence and errors by defendant.

20.

In addition, defendant is also liable to Plaintiffs for damages, in an amount that this Court deems reasonable in the Premises, resulting from or caused by defendant's negligence in failing to accurately and correctly calculate the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies.

WHEREFORE, Plaintiffs, Andrew M. Shehee, Margaret S. Shehee, Nell Shehee, Ann Shane Shehee, The Shehee Limited Partnership, the Virginia K. Shehee Inter Vivos Trust, and Andrew M. Shehee, Margaret S. Shehee, and John A. Hensarling, in their capacity as Co-Trustees of the Virginia K. Shehee Inter Vivos Trust, pray that defendant, Lewis & Ellis, Inc., be served with a citation and certified copy of this Petition for Declaratory Judgment and Damages, and that

there be judgment herein in favor of Plaintiffs, Andrew M. Shehee, Margaret S. Shehee, Nell Shehee, Ann Shane Shehee, The Shehee Limited Partnership, the Virginia K. Shehee Inter Vivos Trust, and Andrew M. Shehee, Margaret S. Shehee, and John A. Hensarling, in their capacity as Co-Trustees of the Virginia K. Shehee Inter Vivos Trust, and against defendant, Lewis & Ellis, Inc., (a) declaring, in and through a declaratory judgment, that defendant is liable to Plaintiffs for any and all amounts that Plaintiffs are or may be liable to Security National for as a result of defendant's failure to accurately and correctly calculate the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies, (b) for all damages suffered by Plaintiffs, in an amount that this Court deems reasonable in the premises, plus interest thereon at the judicial rate of interest from date of judicial demand, until paid in full, as a result of defendant's failure to accurately and correctly calculate the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies, (c) for Plaintiff's reasonable attorneys' fees, accountants' fees, and experts' fees, (d) for all costs of these proceedings, and (e) for any and all other general and equitable relief to which Plaintiffs may be entitled in the premises.

BALDWIN, HASPEL, BURKE & MAYER, LLC

_/s/_____
STEPHEN P. SCHOTT (La. Bar No. 2096)
Email: sschott@bhbmlaw.com
JILL S. WILLHOFT (La. Bar No. 28990)
Email: jwillhoft@bhbmlaw.com
3600 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3600
Telephone: (504) 569-2900
Telecopier: (504) 569-2099

Attorneys for Plaintiffs, Andrew M. Shehee, Margaret S. Shehee, Nell Shehee, Ann Shane Shehee, The Shehee Limited Partnership, the Virginia K. Shehee Inter Vivos Trust, and Andrew M. Shehee, Margaret S. Shehee, and John A. Hensarling, in their capacity as Co-Trustees of the Virginia K. Shehee Inter Vivos Trust

**SHERIFF, PLEASE SERVE**:

Lewis & Ellis, Inc.
Through its Registered Agent for Service of Process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

{B1835367.1}

**EXHIBIT A**

# Security National *Life Insurance Company*

June 11, 2021

**VIA UPS OVERNIGHT -TRACKING NO. 1Z4E88340112211105**
Jerome J. Reso, Jr.
1100 Poydras Street, Suite 3600
New Orleans, LA 70163
E-mail: reso@bhbmlaw.com

**VIA UPS OVERNIGHT -TRACKING NO.** 1Z4E88340119767913
Attn: Jerome J. Reso Jr., Esq. & Andrew T. Sullivan, Esq.
Baldwin Haspel Burke & Mayer, LLC
1100 Poydras Street, Suite 3600
New Orleans, LA 70163
E-mail: reso@bhbmlaw.com and asullivan@bhbmlaw.com

Dear Sirs:

      This letter shall serve as notice of claims and as demands for indemnification under that certain Stock Purchase Agreement dated as of October 11, 2019 (the "**Agreement**"), entered into among the Persons identified on Exhibit A to the Agreement (together, "**Seller**" or "**Shareholders**"), Kilpatrick Life Insurance Company, a Louisiana corporation (the "**Company**"), Security National Life Insurance Company, a Utah corporation ("**Buyer**"), and Jerome J. Reso, Jr., an individual and resident of Louisiana, solely in his capacity as Shareholder representative (the "**Shareholder Representative**"). Article VIII of the Agreement provides for the indemnification of Buyer against any and all "Losses" (as defined in the Agreement) resulting from any breach of any of Seller's representations or warranties. The circumstances set out below demonstrate breaches of multiple representations and warranties of the Sellers, and, therefore, entitle Buyer to indemnification and recovery from Seller.

      The reserves for some of the limited pay policies, to include the Director Series policies, (those plans that have increases in death benefits based on increases in the CPI and listed below) appear to be calculated according to Seller's past practices in paying death benefits for these plans. These past practices do not appear to follow the contractual language of the policy. Thus, the reserves for these plans appear to be deficient for the future liabilities and death benefits of these policies.

      Seller's method of calculating reserves (and paying death benefits) increases the death benefit only during the premium paying period of the policy. No additional increases are provided thereafter. The contractual increases described on page 5 of the attached policy would indicate these increases should be paid over the lifetime of the policyholder so long as the policy is not continued as Reduced Paid Up Insurance.

      Additionally, the Company has potential liability for death benefits paid previously using these potentially erroneous methods.

EXHIBIT "P-1"

**EXHIBIT A**

Buyer makes these claims and demands for indemnification pursuant to Article VIII of the Agreement and demands indemnification from Seller for all of the Buyer's Losses resulting from the Seller's breaches of the following representations and warranties (in addition to others that may be identified as Buyer obtains additional information):

Section 3.06 Financial Statements, Section 3.07 Liabilities, Section 3.15 Compliance With Laws; Permits, Section 3.20 Books and Records, Section 3.23 Regulatory, Section 3.24 Insurance Products; Reserves, Section 3.27 Market Practices, and Section 3.28 Full Disclosure.

Buyer hereby makes these claims and demands against Seller for any and all amounts that must be posted as additional reserve amounts, or required to be paid in the future by the Company pursuant to its insurance policies and annuity contracts. The exact amount of these potential Losses are unknown at this time, but it is estimated that it could potentially be one million one hundred thousand dollars ($1,100,000.00).

As required by the Agreement, we expect that the parties will work in good faith to negotiate a resolution of this dispute.

Sincerely,

Andrew S. Quist
General Counsel

The plan codes include without limitation:

Example: Plans 06627, 06628, 06629, 06630, etc.

| Plan Codes | Description |
| --- | --- |
| 06627.8.9.30 | FIVE PAY LIFE |
| 06638.9.40.41 | TWENTY PAY LIFE |
| 06642.3.4.5 | TEN PAY LIFE |
| 92627.8.9.30 | FIVE PAY LIFE |
| 92638.9.40.41 | TWENTY PAY LIFE |
| 92642.3.4.5 | TEN PAY LIFE |
| 13627.8.9.30 | FIVE PAY LIFE - DIRECTORS |
| 13638.9.40.41 | TWENTY PAY LIFE - DIRECTORS |
| 13642.3.4.5 | TEN PAY LIFE - DIRECTORS |

Security National Life Insurance Company
P.O. BOX 57220, SALT LAKE CITY, UT 84157-0220 | 121 W ELECTION ROAD, SUITE 100, DRAPER, UT 84020
MAIN 801.264.1060 | TOLL FREE 1.800.574.7117 | WWW.SECURITYNATIONAL.COM

EXHIBIT A

| | |
|---|---|
| 19627.8.9.30 | FIVE PAY LIFE - DIRECTORS |
| 19638.9.40.41 | TWENTY PAY LIFE - DIRECTORS |
| 19642.3.4.5 | TEN PAY LIFE - DIRECTORS |
| 20627.8.9.30 | FIVE PAY LIFE - DIRECTORS |
| 20638.9.40.41 | TWENTY PAY LIFE - DIRECTORS |
| 20642.3.4.5 | TEN PAY LIFE - DIRECTORS |

Security National Life Insurance Company
P.O. BOX 57220, SALT LAKE CITY, UT 84157-0220 | 121 W ELECTION ROAD, SUITE 100, DRAPER, UT 84020
MAIN 801.264.1060 | TOLL FREE 1.800.574.7117 | WWW.SECURITYNATIONAL.COM

EXHIBIT A

# RETURN COPY



**D8130395**

# CITATION

ANDREW M SHEHEE, ET AL
(Plaintiff)

VS

LEWIS & ELLIS, INC.
(Defendant)

NUMBER C-714543   SEC. 21

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  LEWIS & ELLIS, INC.
    THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
    CORPORATION SERVICE COMPANY
    501 LOUISIANA AVENUE
    BATON ROUGE, LA 70802

GREETINGS:

   Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.
   You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
   This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 30, 2021**.

*Jarlisha Mitchell*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: SCHOTT, STEPHEN PAUL**
                     504 5853200

*The following documents are attached:
**PETITION FOR DAMAGES, EXHIBIT**

### SERVICE INFORMATION:

Received on the ____ day of _____, 20____ and on the ____ day of _____, 20____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGE:$_____
TOTAL:  $_____

Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

I made service on the named party through the
**CORPORATION SERVICE COMPANY**

**JAN 10 2022**
by tendering a copy of this document to
**MELISSA HARDIN**

__DY. M. LOCKWOOD #0803__
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

# EXHIBIT A

RECEIVED
DATE

JAN 07 2022

E.B.R. Sheriff Office

**EXHIBIT A**

# RETURN COPY



D8130395

## CITATION

ANDREW M SHEHEE, ET AL
(Plaintiff)

NUMBER C-714543   SEC. 21

19th JUDICIAL DISTRICT COURT

VS

PARISH OF EAST BATON ROUGE

LEWIS & ELLIS, INC.
(Defendant)

STATE OF LOUISIANA

TO:  LEWIS & ELLIS, INC.
     THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
     CORPORATION SERVICE COMPANY
     501 LOUISIANA AVENUE
     BATON ROUGE, LA 70802

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.
You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 30, 2021.**

*Jarlisha Mitchell*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: SCHOTT, STEPHEN PAUL**
                      **504 5853200**

*The following documents are attached:
**PETITION FOR DAMAGES, EXHIBIT**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**    After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

I made service on the named party through the
CORPORATION SERVICE COMPANY
JAN 10 2022
by tendering a copy of this document to
MELISSA HARDIN

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

# EXHIBIT A

RECEIVED
DATE
JAN 07 2022
E.B.R. Sheriff Office

**EXHIBIT A**

# RETURN COPY



**D8130395**

## CITATION

ANDREW M SHEHEE, ET AL
(Plaintiff)

VS

LEWIS & ELLIS, INC.
(Defendant)

NUMBER C-714543   SEC. 21

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  LEWIS & ELLIS, INC.
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 30, 2021.**

*Jarlisha Mitchell*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney:** SCHOTT, STEPHEN PAUL
504 5853200

*The following documents are attached:
**PETITION FOR DAMAGES, EXHIBIT**

### SERVICE INFORMATION:

Received on the ____ day of _____, 20 ___ and on the ____ day of _____, 20 ___, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this ____ day of _____, 20 ___.

SERVICE:$_____
MILEAGE$_____
TOTAL: $_____

Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

I made service on the named party through the
**CORPORATION SERVICE COMPANY**

**JAN 10 2022**
by tendering a copy of this document to
**MELISSA HARDIN**

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

# EXHIBIT A

RECEIVED
DATE

JAN 07 2022

E.B.R. Sheriff Office

**EXHIBIT A**