UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW M. SHEHEE, ET AL. | CIVIL ACTION |
| VERSUS | |
| LEWIS & ELLIS, INC. | NO. 22-78-JWD-RLB |

## STATUS REPORT

NOW INTO COURT, through their respective undersigned counsel, come plaintiffs, Andrew M. Shehee, Margaret S. Shehee, Nell Shehee, Ann Shane Shehee, The Shehee Limited Partnership, the Virginia K. Shehee Inter Vivos Trust, and Andrew M. Shehee, Margaret S. Shehee, and John A. Hensarling, in their capacity as Co-Trustees of the Virginia K. Shehee Inter Vivos Trust, and defendant, Lewis & Ellis, Inc., and hereby jointly submit the following Status Report pursuant to the Court's Order dated February 7, 2022 (Rec. Doc. No. 3):

**A.   JURISDICTION**

The basis for the jurisdiction of the Court is diversity of citizenship.

**B.   BRIEF EXPLANATION OF THE CASE**

1.   Plaintiffs' claims:

In December, 2019, plaintiffs sold to Security National Life Insurance Company ("Security National") all of plaintiffs' shares of common stock of Kilpatrick Life Insurance Company ("KLICO"). At that time, Security National and KLICO were each in the life insurance business and plaintiffs owned 99.99% of all of the issued and outstanding shares of common stock of KLICO. Following the sale of the KLICO stock to Security National, KLICO became a wholly-owned subsidiary of Security National.

Certain types of life insurance policies that KLICO issued prior to plaintiffs' sale of the KLICO stock to Security National provided for increases in death benefits based on increases in the consumer price index (collectively, "Increased Death Benefits Policies"). Each year, KLICO established reserves that were intended to cover the increases in death benefits payable under the Increased Death Benefits Policies (collectively, the "Reserves"). Rather than KLICO internally calculating and determining the amounts to be allocated to Reserves for the Increased Death Benefits Policies each year, KLICO hired and paid Lewis & Ellis, Inc., defendant herein, to make those calculations and determinations. Lewis & Ellis, Inc. is an actuarial firm that, on information and belief, currently has over 40 actuaries serving clients throughout the United States, including in the State of Louisiana. Plaintiffs relied on defendant to accurately and correctly calculate and determine the amounts to be allocated to Reserves for the Increased Death Benefits Policies.

In June, 2021, plaintiffs received a letter from Security National alleging that KLICO's Reserves for some or all of the Increased Death Benefits Policies appear to have been calculated incorrectly and do not appear to have followed the contractual language according to plaintiffs' past practices in paying death benefits. As a result, Security National further alleged that the Reserves for those policies appear to be deficient for the future liabilities and death benefits payable under those policies. Security National further alleged that plaintiffs' method of calculating Reserves (and paying death benefits) increased the death benefits only during the premium paying period of each of the Increased Death Benefits Policies, without any additional increases thereafter. In general, Security National claimed that reserves for increases in the Increased Death Benefits Policies should have been increased and paid over the lifetime of the policyholder or insured, as applicable. Security National further claimed that Security National

and/or KLICO, as a wholly-owned subsidiary of Security National, have potential liability for death benefits previously paid using erroneous calculation methods.

Based on the above, Security National invoked a contractual indemnification provision agreed to at the time of the sale of the KLICO stock and demanded that plaintiffs indemnify Security National for any and all amounts that must be posted as additional Reserves, or that KLICO is required to pay in the future. Security National estimated that its potential losses resulting from the erroneous calculations could be $1,100,000.00.

Plaintiffs claim that they were entitled to rely on defendant's calculations and determinations with respect to amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies, and that defendant had a duty to accurately and correctly calculate those amounts. Plaintiffs further claim that defendant negligently and erroneously calculated the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies, and plaintiffs seek (a) a declaratory judgment declaring defendant liable to plaintiffs for any and all amounts for which plaintiffs are or may be liable to Security National as a result of defendant's negligence and errors in calculating the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies, and (b) an award of damages suffered by plaintiffs as a result of defendant's negligence and errors.

2. Defendant's claims:

No discovery has been completed or is in progress as of the date of this Status Report. As such, defendant has not had an opportunity to fully develop its defenses and/or claims against plaintiffs. However, defendant disputes that it negligently and erroneously calculated the amounts that should have been allocated to Reserves for those policies. This case involves highly technical aspects of actuarial science and defendant has not had the opportunity to investigate the basis of

plaintiffs' claims. Once there has been a chance to conduct adequate discovery, defendant intends to show that it did not erroneously calculate the amounts that should have been allocated to Reserves for the applicable life insurance policies. Moreover, defendant intends to show that plaintiffs conducted their own internal calculations and relied upon same when calculating reserves. Further, defendant intends to show that it correctly calculated the reserves and that its work passed numerous audits conducted by state regulators and accounting firms. Defendant also intends to show that plaintiffs failed to follow the life insurance policy contract language when they calculated reserves and that the plaintiffs did not provide the proper policy level death benefits. Defendant also intends to provide evidence in support of other defenses developed through discovery.

**C.  PENDING MOTIONS**

There are no pending motions as of the date of this Status Report.

**D.  ISSUES**

The principal legal issue involved in this case is whether defendant negligently and erroneously calculated the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies. Defendant disputes that it negligently and erroneously calculated the amounts that should have been allocated to Reserves for those policies.

**E.  DAMAGES**

1.  Plaintiffs' calculation of damages: Whatever amount, if any, that plaintiffs are liable to Security National for as a result of defendant's negligent and erroneous calculations concerning the amounts that should have been allocated to Reserves each year for the Increased Death Benefits Policies.

2.  Defendant's calculation of offset and/or plaintiffs' damages:

Discovery has not commenced for this matter and defendant is still investigating plaintiffs' claims. Subject to change based on information learned in discovery, defendant maintains that it is not liable to plaintiffs for any damages and that no errors occurred with any calculations concerning the amounts for the Reserves each year for the Increased Death Benefits Policies. Defendant's investigation of any offset and/or plaintiffs' damages is ongoing. Defendant intends to show that there are no damages in this case.

**F.  SERVICE**

There are no unresolved issues as to waiver or service of process, personal jurisdiction, or venue.

**G.  DISCOVERY**

   1.  Initial Disclosures:

      A.  Initial disclosures required under FRCP 26(a)(1) have not been completed as of the date of this Status Report.

      B.  No party objects to initial disclosures.

   2.  No discovery has been completed or is in progress as of the date of this Status Report.

   3.  As of the date of this Status Report, the parties have not determined if any protective orders or other limitations on discovery may be sought or required during the course of discovery.

   4.  As of the date of this Status Report, the parties have not yet determined the subject matter as to which expert testimony, if any, will be offered by any party.

   5.  On March 16, 2022, pursuant to the Court's Order dated February 7, 2022 (Rec. Doc. No. 3), undersigned counsel for plaintiffs and defendant had their FRCP 26(f)

scheduling conference by telephone. During that scheduling conference, undersigned counsel for plaintiffs and defendant agreed, and respectively submit to the Court, that this Status Report effectively covers the general issues referred to in, and to be discussed during, the FRCP 26(f) scheduling conference.

**H.    PROPOSED SCHEDULING ORDER**

1. The parties propose that initial disclosures be exchanged by April 30, 2022.

2. The parties recommend that the deadline for joining other parties and to amend pleadings shall be May 31, 2022.

3. The parties propose that all discovery motions shall be filed and all discovery, other than with respect to experts, shall be completed by November 30, 2022.

4. Deadlines for disclosures of identities and resumes of expert witnesses:

    Plaintiffs:    December 31, 2022.

    Defendant:    January 31, 2023.

5. Deadlines for exchange of expert reports:

    Plaintiffs:    December 31, 2022.

    Defendant:    January 31, 2023.

6. Discovery from experts shall be completed by March 31, 2023.

7. Filing dispositive motions and Daubert motions shall be filed by April 30, 2023.

**I.    TRIAL**

1. Defendant has demanded a trial by jury.

2. Counsel for plaintiffs and defendant estimate that trial will require 5 days.

**J.     OTHER MATTERS**

There are no specific problems the parties wish to address at the scheduling conference, and the parties have no objection to the Court cancelling the scheduling conference, currently set for April 7, 2022. In lieu of a scheduling conference, the parties respectfully ask the Court to enter a scheduling order based on the deadlines set out in this Status Report.

**K.     SETTLEMENT**

1. As of the date of this Status Report, the parties have not yet made any efforts to settle this case.

2. The parties wish to have a telephonic or Zoom settlement conference between November 1, 2022 and December 31, 2022.

**L.     NO CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE AT THIS TIME**

As of the date of this Status Report, the parties do not consent to having a Magistrate Judge handle remaining pretrial aspects of this case or preside over the trial on the merits, but the parties reserve the right to later consent to having a Magistrate Judge handle pretrial aspects of this case and/or preside over the trial on the merits.

Respectfully submitted,

LISKOW & LEWIS,
A PROFESSIONAL LAW CORPORATION

BY: /s/ Stephen P. Schott
STEPHEN P. SCHOTT (La. Bar No. 2096)
Email: sschott@liskow.com
JILL S. WILLHOFT (La. Bar No. 28990)
Email: jwillhoft@liskow.com
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Telecopier: (504) 556-4108

Attorneys for Plaintiffs, Andrew M. Shehee, Margaret S. Shehee, Nell Shehee, Ann Shane Shehee, The Shehee Limited Partnership, the Virginia K. Shehee Inter Vivos Trust, and Andrew M. Shehee, Margaret S. Shehee, and John A. Hensarling, in their capacity as Co-Trustees of the Virginia K. Shehee Inter Vivos Trust


THOMPSON, COE, COUSINS & IRONS, LLP

BY: /s/ Christopher W. Kaul
CHRISTOPHER W. KAUL (La. Bar No. 33213)
JACOB A. LASLEY (La. Bar No. 39433)
650 Poydras Street, Suite 2105
New Orleans, Louisiana 70130
Telephone: (504) 526-4320
Facsimile: (504) 526-4310
Emails: CKaul@thompsoncoe.com
    JLasley@thompsoncoe.com
    MSchneider@thompsoncoe.com

Attorneys for Defendant,
Lewis & Ellis, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of March, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                /s/Stephen P. Schott